UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHA-SUN C. ALLAH,

                Plaintiff,

-against-

SHANNON A. SULLIVAN, *et al.*,

                Defendants.

19-CV-6423 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated August 26, 2019, the Honorable Colleen McMahon of this court dismissed this action without prejudice because Plaintiff, who was incarcerated at the time he filed his complaint, did not pay the filing fees or submit an application to proceed *in forma pauperis* ("IFP") and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. After this case was closed, Plaintiff filed an IFP application on January 7, 2022; because the action was closed, however, no action was taken on the IFP application.

      On September 18, 2023, Plaintiff filed a "motion to have case re-opened" (ECF 10), and the action was reassigned to the undersigned on September 23, 2023.

      The Court liberally construes Plaintiff's motion as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). The Court grants the motion because Plaintiff filed an IFP application and directs the Clerk of Court to vacate the order of dismissal and civil judgment.[1] (ECF 4-5.)

      A separate order ruling on Plaintiff's IFP application shall follow.

---

[1] Plaintiff no longer is required to file a prisoner authorization because he was released from custody. Upon a prisoner's release, "his obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for [IFP] status." *McGann v. Comm'r of Soc. Sec.*, 96 F.3d 28, 30 (1996). "A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners." *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   November 15, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge