UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHA-SUN C. ALLAH,

                          Plaintiff,

-against-

SHANNON A. SULLIVAN; QAYYAM;
INMATE CLASSIFICATION AND
MOVEMENT,

                         Defendants.

**VALENTIN ORDER**

19-CV-06423 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants ignored his request not to be transferred to Upstate Correctional Facility after he informed them that such a transfer would result in his attempting suicide. He names as Defendants Shannon Sullivan and "Qayyam," both of whom worked at Downstate Correctional Facility ("Downstate") at the time the alleged events occurred. He also names as a Defendant "Inmate Classification and Movement."

    By order dated November 29, 2023, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As set for below, the Court directs the New York State Attorney General to provide Plaintiff and the Court with addresses where Sullivan and Qayyam may be served because the addresses included in the complaint are outdated. The Court also dismisses Plaintiff's claims against Inmate Classification and Movement under the Eleventh Amendment.

---

[1] This action was dismissed *sua sponte* on August 26, 2019, because Plaintiff, who was incarcerated at the time he filed this action, did not submit a prisoner authorization. On September 18, 2023, Plaintiff filed a motion to reopen the action, noting that he had been released from custody. On November 15, 2023, Chief Judge Swain vacated the order of dismissal and civil judgment, and on November 29, 2023, granted Plaintiff's IFP application because Plaintiff no longer was required to pay the filing fee as a released prisoner. *See McGann v. Comm'r of Soc. Sec.*, 96 F.3d 28, 30 (2d Cir. 1996).

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).[2] The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     Valentin Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). It is therefore ordered that the New York State Attorney General must ascertain addresses where Shannon Sullivan and Qayyam, formerly employed at Downstate, may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

The Court will review the information provided by the Attorney General, and if necessary, will direct the Clerk of Court to complete the USM-285 forms with the addresses for these two Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[2] Because Plaintiff filed this action when he was incarcerated, the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), applies. *Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010).

B.    **Eleventh Amendment**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff names as a Defendant "Inmate Classification and Movement," which the Court understands to be a subdivision of DOCCS. Because Plaintiff cannot seek money damages from a New York State agency under the Eleventh Amendment, Plaintiff's claims against this Defendant are dismissed under Section 1915(e)(2)(B)(iii).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

The Court dismisses Plaintiff's claims against Defendant Inmate Classification and Movement under the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: White Plains, New York
December 12, 2023

_____
PHILIP M. HALPERN
United States District Judge

4